IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Andrew Beckett, *et al.*

    Plaintiffs,

v.

Aetna, Inc. *et. al.*

    Defendants,

No. 2:17-CV-03864-JS



FILED
OCT 16 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

AND NOW, upon consideration of Plaintiffs'Motion for Final Approval of Class Action Settlement and all supporting materials, and the Parties'proposed Settlement Agreement (the " SettlementAgreement" ),the full record of this matter, and the arguments and submissions of Counsel, including those made at the Final Approval Hearing held on October 15, 2018, IT IS HEREBY ORDERED:

1. Unless defined herein, all capitalized terms in this Final Approval Order shall have the same meanings as set forth in the Settlement Agreement.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court grants final certification of the following Settlement Class:

> all persons whose Protected Health Information and/or Confidential HIV-related information was allegedly disclosed improperly by Aetna and/or Aetna-related or affiliated entities, or on their behalf, to third parties, including Gibson, Dunn & Crutcher, LLP ("GDC") and Kurtzman Carson Consultants LLC ("KCC"), and/or to whom any written notice was mailed as required by the settlement of Doe v. Aetna, Inc., No. 14-cv-2986 (S.D. Cal.) and Doe v. Coventry Health Care, Inc., No. 15-cv-62685 (S.D. Fla.).

3. The Court finds that for purposes of approving the Settlement Agreement, that the Settlement Class meets all prerequisites of Rule 23 of the Federal Rules of Civil Procedure, including that:

    a.     The Settlement Class is so numerous that joinder of all members is impracticable;

    b.     There are questions of law or fact common to the Settlement Class;

    c.     Plaintiffs' claims are typical of the claims of the Settlement Class Members;

    d.     Plaintiffs and Co-Lead Class Counsel are capable of fairly and adequately protecting the interests of the Settlement Class;

    e.     Common questions of law and fact predominate over questions affecting only individual Settlement Class Members and accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation; and

    f.     Certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

4.     The Court grants final appointment of Plaintiffs Andrew Beckett, Arizona Doe, California Doe, S.A., Colorado Doe, Connecticut Doe, DC Doe, Florida Doe, Georgia Doe, Illinois Doe, Indiana Doe, Kansas Doe, Maine Doe, Maryland Doe, Minnesota Doe, Mississippi Doe, Missouri Doe, Nevada Doe, NewHampshire Doe, NewJersey Doe, NewMexico Doe, NewYork Doe, NewYork Doe1, NewYork Doe2, NewYork Doe3, NorthCarolina Doe, Ohio Doe, Oklahoma Doe, SouthCarolina Doe, Tennessee Doe, Texas Doe, Virginia Doe, Washington Doe, John Doe, Jane Doe2, John Doe1, and John Doe2 as the Settlement Class Representatives.

5.     The Court grants final appointment of Shanon J. Carson, E. Michelle Drake and Sarah R. Schalman-Bergen of Berger Montague PC; Ronda B. Goldfein of the AIDS Law Project of Pennsylvania; and Sally Friedman of the Legal Action Center, as Co-Lead Class Counsel for the Settlement Class.

6.     Plaintiffs and Co-Lead Class Counsel are authorized to take all appropriate action required or permitted to be taken by the Settlement Agreement to effectuate its terms.

7.     The Court finds that the manner and form of notice (the "Notice Plan") set forth in the Settlement Agreement was provided to Settlement Class Members by the Settlement

Administrator. Notice was also provided to pertinent state and federal officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715. The Notice Plan was reasonably calculated to give actual notice to Settlement Class Members of the right to receive benefits from the Settlement, and to be excluded from or object to the Settlement. The Notice Plan met the requirements of Rule 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances.

8. Angeion Group, LLC, the Court-appointed Settlement Administrator, is authorized to continue its duties as set forth in the Settlement Agreement, and shall carry out all tasks set forth in the Settlement Agreement that are assigned to the Settlement Administrator and remain to be performed.

9. The Settlement Class Members were provided an opportunity to object to or opt-out of the Settlement. Ten (10) Settlement Class Members who made valid and timely requests for exclusion are hereby excluded from the Settlement and are not bound by this Final Approval Order.

10. The Court notes that there are no pending objections to the Settlement by any Settlement Class Member.

11. The Court finds that the Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by the Parties, and that both sides were represented by experienced attorneys who were informed by ADR-related discovery with respect to the legal and factual issues of the case. The Court further finds that the Settlement was reached with the assistance of an experienced mediator.

12. The Settlement Agreement is fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Class in light of the complexity, expense, and duration of litigation, as well as the risk involved in establishing liability and damages and in maintaining the class action through trial and appeals.

13. The settlement consideration provided by the Settlement Agreement, including both the monetary consideration and non-monetary benefits, constitutes fair value given in

exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be provided to the Settlement Class is fair and reasonable, considering the facts and circumstances of the claims and defenses asserted, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

14. The Court hereby grants final approval of the Settlement, and all claims asserted by Plaintiffs and the Settlement Class are hereby dismissed with prejudice. The Settlement Class Members (except for the ten (10) Settlement Class Members who opted out of the Settlement), are deemed to have released the Released Claims against the Released Parties as set forth in the Settlement Agreement.

15. The Court grants final approval to the method of allocation and distribution of the Settlement Fund as set forth in the Settlement Agreement. The Settlement Administrator shall distribute the funds according to the terms of the Settlement Agreement.

16. The Court grants Plaintiffs' Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards, and approves as fair and reasonable, attorneys' fees to Class Counsel in the amount of twenty-five percent (25%) of the Settlement Fund ($4,290,300), plus costs of $73,892.80. Co-Lead Class Counsel is authorized to allocate the attorneys' fees and costs among Class Counsel in this matter.

17. The Court approves the requested Class Representative service awards in the amount of $5,000 to each of the seven (7) Class Representatives who filed the Complaints that were consolidated in this litigation (Andrew Beckett, S.A., John Doe, Kansas Doe, Jane Doe2, John Doe1, and John Doe2); and $2,000 to each of the thirty (30) additional Class Representatives whose claims were alleged in Plaintiffs' Amended Class Action Complaint filed on December 5, 2017 (ECF No. 39) (Arizona Doe, California Doe, Colorado Doe, Connecticut Doe, DC Doe, Florida Doe, Georgia Doe, Illinois Doe, Indiana Doe, Maine Doe, Maryland Doe, Minnesota Doe, Mississippi Doe, Missouri Doe, Nevada Doe, NewHampshire Doe, NewJersey Doe, NewMexico Doe, NewYork Doe1, NewYork Doe2, NewYork Doe3, NewYork Doe4, NorthCarolina Doe, Ohio Doe, Oklahoma Doe, SouthCarolina Doe, Tennessee Doe, Texas Doe,

Virginia Doe, and Washington Doe.

18. The Court finds that the fees and costs of the Settlement Administrator are reasonable and that the Settlement Administrator is authorized to be paid up to $180,000 from the Settlement Fund for its work concerning this Settlement.

19. The Court approves The AIDS Coordinating Committee of the American Bar Association as the *cy pres* recipient pursuant to Paragraph 4.9 of the Settlement Agreement.

20. Within ninety (90) days after all funds from the Settlement Fund have been distributed, the Settlement Administrator shall destroy the Class List and all information submitted by Settlement Class Members in connection with the Settlement, and shall file a declaration with the Court certifying that such information was destroyed. Notwithstanding the foregoing, the Settlement Administrator shall forthwith provide to Aetna the unredacted requests for exclusions or opt-outs it has received, along with the envelopes in which each was contained and received, consistent with the Notice to the Settlement Class Members that such requests may be used for purposes of litigation only.

21. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement.

22. The Court hereby enters Final Judgment in this case and dismisses this case with prejudice in accordance with the terms of the Settlement Agreement. The Final Judgment shall not bind the ten (10) Settlement Class Members who opted out of the Settlement. There being no reason to delay entry of this Final Judgment, the Clerk of the Court is ordered to enter this Final Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED:**

Dated: October 15, 2018

BY THE COURT:

JUAN R. SANCHEZ, J.